**BLANK ROME LLP**
*A Pennsylvania LLP*
JONATHAN M. KORN, ESQ.
New Jersey Resident Partner
300 Carnegie Center, Suite 220
Princeton, NJ  08540
(609) 750-7700 (Phone)
(609) 750-7701 (Fax)
*Attorneys for Defendants, Optimal Acuity Corporation, Michael James Berry I and Michael James Berry II*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DONALD HELLER, | CIVIL ACTION NO.: 3:21-cv-20371 |
| Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |
| v. | |
| OPTIMAL ACUITY CORPORATION, a Texas corporation; MICHAEL JAMES BERRY I; and MICHAEL JAMES BERRY II, | ELECTRONICALLY FILED |
| Defendants. | |

**PLEASE TAKE NOTICE** that Defendants Optimal Acuity Corporation, Michael James Berry I and Michael James Berry II, ("Defendants"), by their undersigned counsel, pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446(a), hereby remove this action from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. SOM-L-001429-21, in which it is now pending to the United States District Court for the District of New Jersey.

This Notice of Removal is based upon the original jurisdiction of the federal district court over any action "arising under the Constitution, laws or treaties of the United States" pursuant to 28 U.S.C. § 1331.

1.     Plaintiff filed a Complaint against Defendants, in the Superior Court of New Jersey, Somerset County, Law Division, Docket No. SOM-L-001429-21 on or about November 4, 2021.  A true and correct copy of the Complaint is annexed hereto as Exhibit "A."

2.     The Summons and Complaint was mailed via Federal Express to Defendant Michael James Berry I at 7801 Comfort Cove, Austin, Texas 78731, on November 8, 2021.  The remaining Defendants were personally served with the Summons and Complaint on November 17, 2021.  No other formal process, pleadings or orders have been served on or received by them.

3.     All Defendants join in the removal of this lawsuit.

4.     Jurisdiction over the subject matter of this action is conferred on this Court by 28 U.S.C. § 1441(a) and (c) because it is a civil action over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1331.

5.     Removal from the Superior Court of New Jersey is proper under 28 U.S.C. § 1441(c), which authorizes the removal of any civil action if the action includes "a claim arising under the Constitution, laws or treaties of the United States."

6.     Plaintiff Donald Heller asserts in Counts I and II of his Complaint claims based on alleged violations of the Federal Fair Labor Standards Act – a law of the United States.

7.     This Notice is filed with this Court within thirty (30) days of Defendant's receipt, "through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which such action or proceeding is based," as provided by 28 U.S.C. § 1446(b).

8.     There have been no other proceedings in this action.

9.     In compliance with 28 U.S.C. § 1446(a), copies of all processes, pleadings and orders received by Defendants are attached hereto as Exhibit "A."

**PLEASE TAKE FURTHER NOTICE** that Defendants, upon filing the Notice of Removal in the Office of the Clerk of the United States District Court for the District of New Jersey, will also be filing copies of this Notice with the Clerk of the Superior Court, Law Division, Somerset County, Superior Court of New Jersey, 20 North Bridge Street, Somerville,

New Jersey 08876-1262, to effect removal of this action to the United States District Court, pursuant to 28 U.S.C. § 1446(b).

WHEREFORE, Defendants request that the action now pending in the Superior Court of New Jersey, Law Division, Somerset County, be removed to this Court.

Dated:  December 6, 2021                 /s/ Jonathan M. Korn
                                         **BLANK ROME LLP**
                                         *A Pennsylvania LLP*
                                         JONATHAN M. KORN, ESQ.
                                         New Jersey Resident Partner
                                         300 Carnegie Center, Suite 220
                                         Princeton, NJ  08540
                                         *Attorneys for Defendants, Optimal Acuity*
                                         *Corporation, Michael James Berry I and*
                                         *Michael James Berry II*

# EXHIBIT A

Laurence B. Orloff - NJ Attorney ID #196601960
Alexander S. Firsichbaum – NJ Attorney ID # 205212016
ORLOFF, LOWENBACH, STIFELMAN & SIEGEL, P.A.
A Professional Corporation
44 Whippany Road - Suite 100
Morristown, New Jersey  07960
(973) 622-6200
Attorneys for Plaintiff Donald Heller

| | | |
|---|---|---|
| DONALD HELLER, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION |
| Plaintiff, | : | SOMERSET COUNTY |
| v. | : | |
| | : | DOCKET NO. SOM-L-1429-21 |
| OPTIMAL ACUITY CORPORATION, a Texas | : | |
| corporation; MICHAEL JAMES BERRY I; and | : | Civil Action |
| MICHAEL JAMES BERRY II | : | |
| | : | **SUMMONS** |
| Defendant. | : | |
| | : | |

From The State of New Jersey To The Defendant(s) Named Above:

### MICHAEL JAMES BERRY I

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Clerk of the Superior Court

DATED:   Nov. 5, 2021

Name of Defendant to Be Served:   Michael James Berry I

Address of Defendant to Be Served:   7801 Comfort Cove, Austin, Texas 78731

Laurence B. Orloff - NJ Attorney ID #196601960
Alexander S. Firsichbaum – NJ Attorney ID # 205212016
ORLOFF, LOWENBACH, STIFELMAN & SIEGEL, P.A.
A Professional Corporation
44 Whippany Road - Suite 100
Morristown, New Jersey  07960
(973) 622-6200
Attorneys for Plaintiff Donald Heller

| | |
|---|---|
| DONALD HELLER, | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION |
| Plaintiff, | : SOMERSET COUNTY |
| v. | : |
| | : DOCKET NO. SOM-L-1429-21 |
| OPTIMAL ACUITY CORPORATION, a Texas | : |
| corporation; MICHAEL JAMES BERRY I; and | : Civil Action |
| MICHAEL JAMES BERRY II | : |
| | : **SUMMONS** |
| Defendant. | : |
| | : |

From The State of New Jersey To The Defendant(s) Named Above:

**MICHAEL JAMES BERRY II**

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

                                   /s/ Michelle M. Smith
                                   Clerk of the Superior Court

DATED:   Nov. 5, 2021

Name of Defendant to Be Served:   Michael James Berry II

Address of Defendant to Be Served:   313 Witherspoon Street, Princeton, New Jersey 08542-3454

Laurence B. Orloff - NJ Attorney ID #196601960
Alexander S. Firsichbaum – NJ Attorney ID # 205212016
ORLOFF, LOWENBACH, STIFELMAN & SIEGEL, P.A.
A Professional Corporation
44 Whippany Road - Suite 100
Morristown, New Jersey  07960
(973) 622-6200
Attorneys for Plaintiff Donald Heller

| | |
|---|---|
| DONALD HELLER, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff, | SOMERSET COUNTY |
| v. | |
| | DOCKET NO. SOM-L-1429-21 |
| OPTIMAL ACUITY CORPORATION, a Texas corporation; MICHAEL JAMES BERRY I; and MICHAEL JAMES BERRY II | Civil Action |
| | **SUMMONS** |
| Defendant. | |

From The State of New Jersey To The Defendant(s) Named Above:

**OPTIMAL ACUITY CORPORATION**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Clerk of the Superior Court

DATED:   Nov. 5, 2021

Name of Defendant to Be Served:   Optimal Acuity Corporation

Address of Defendant to Be Served:   C/O Michael James Berry II (an officer and director of Optimal Acuity Corporation), 313 Witherspoon Street, Princeton, New Jersey 08542-3454

Laurence B. Orloff - NJ Attorney ID #196601960
Alexander S. Firsichbaum – NJ Attorney ID # 205212016
ORLOFF, LOWENBACH, STIFELMAN & SIEGEL, P.A.
A Professional Corporation
44 Whippany Road - Suite 100
Morristown, New Jersey 07960
(973) 622-6200
Attorneys for Plaintiff Donald Heller

| | |
|---|---|
| DONALD HELLER,<br><br>                Plaintiff,<br><br>v.<br><br>OPTIMAL ACUITY CORPORATION,<br>a Texas corporation; MICHAEL<br>JAMES BERRY I; and MICHAEL<br>JAMES BERRY II<br><br>                Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>SOMERSET COUNTY<br><br>DOCKET NO.<br><br>Civil Action<br><br>**AMENDED COMPLAINT** |

Plaintiff Donald Heller, by way of Complaint against Defendants Optimal Acuity Corporation ("OAC"), Michael James Berry I, ("Berry I"), and Michael James Berry II ("Berry II"), says the following:

## A.    **THE PARTIES**

1.    Donald Heller is an individual, residing at 740 Watchung Road, Bound Brook, New Jersey 08805.

2.    OAC is a Texas corporation with a registered office address at 7801 Comfort Cove Austin, Texas 78731. OAC is a medical device company that develops corneal photovitrification treatments for ocular diseases and disorders.

3.     Berry I is an individual, residing, on information and belief, at 7801 Comfort Cove, Austin, Texas 78731.  During all relevant time periods, Berry I has been the President and Chairman of the Board of Directors of OAC.  From approximately October 12, 2015, through October 27, 2018, Berry I served as OAC's Chief Executive Officer.

4.     Berry II is an individual, residing, on information and belief, at 313 Witherspoon Street, Princeton, New Jersey 08542-3454.  During all relevant time periods, Berry II, son of Berry I, has been the Chief Science Officer of OAC and a Director on OAC's Board of Directors.

## B.     JURISDICTION AND VENUE

5.     Plaintiff is and was at all times a resident of New Jersey and performed services in the scope of his employment by OAC in New Jersey.

6.     OAC conducts substantial business in New Jersey, and several OAC officers and directors perform substantial work for OAC in New Jersey.

7.     Berry I conducts substantial business in New Jersey, and has participated in several meetings with OAC employees, directors, and investors in New Jersey.

8.     Berry II is a resident of New Jersey and conducts substantial business in New Jersey.

9.     Plaintiff resides in Bound Brook, New Jersey, and therefore venue is properly laid in Somerset County.

-2-

### C.   OAC'S EMPLOYMENT OF PLAINTIFF AND FAILURE TO PAY WAGES TO PLAINTIFF

10.     Commencing on or about October 12, 2015, OAC employed Plaintiff as Chief Operating Officer and on or about March 28, 2017, OAC, through its Board of Directors, approved a resolution establishing Plaintiff's compensation as Chief Operating Officer at $300,000 per year, retroactive to October 12, 2015.

11.     For purposes of the New Jersey Wage Payment Law, "the officers of a corporation and any agents having the management of such corporation shall be deemed to be the employers of the employees of the corporation." N.J.S.A. 34:11-4.1(a).

12.     During all relevant time periods, Berry I and Berry II were officers of OAC and managed OAC.

13.     OAC had the right to control, and exercised control over, Plaintiff in the performance of his services as Chief Operating Officer.

14.     The work Plaintiff performed as Chief Operating Officer fell within the usual course of OAC's business.

15.     OAC's Board of Directors approved a resolution, with retroactive effect, setting Plaintiff's compensation for his services as Chief Operating Officer at $300,000 per year in recognition of his services in that position beginning on October 12, 2015.

16.     OAC failed to pay any compensation to Plaintiff for the entirety of the employment relationship.

17.     In or about September 2018, Plaintiff notified OAC that it had failed to pay him the compensation it was required to pay him and demanded that OAC pay him that compensation.

18.     Upon information and belief, in response to the aforesaid notification OAC's Board of Directors adopted a resolution effective October 27, 2018, to terminate Plaintiff's employment with OAC, substantially as a result of Plaintiff's complaint that OAC failed to pay him the wages or compensation it was required to pay him.

## COUNT I
## (Failure To Pay Wages)

19.     Plaintiff repeats the allegations of Paragraphs 1 through 18 of this Complaint as though herein set forth at length.

20.     Defendants employed Plaintiff.

21.     As consideration for the labor and services rendered by Plaintiff to Defendants, Defendants agreed, and were required by law, to pay Plaintiff monetary compensation at a rate of $300,000 per year.

22.     Defendants failed to pay the wages they agreed and were required to pay Plaintiff.

23.     Defendants' failure to pay wages to Plaintiff violated the New Jersey Wage Payment Law, New Jersey Wage and Hour Law, the Federal Fair Labor Standards Act, and other state and federal laws.

24.     Defendants' failure to pay wages to Plaintiff was not an inadvertent error made in good faith.

-4-

25. Defendants did not have reasonable grounds for believing that their failure to pay wages to Plaintiff was not a violation of the New Jersey Wage Payment Law, the New Jersey Wage and Hour Law, the federal Fair Labor Standards Act, or other state and federal laws.

26. Defendants are required to and have failed and refused to pay Plaintiff compensatory damages plus liquidated damages, costs and reasonable attorney's fees. N.J.S.A. 34:11-4.10(c).

WHEREFORE, Plaintiff demands judgment on Count I against Defendants, jointly and severally, as follows:

    A.    Compensatory damages;

    B.    Liquidated damages;

    C.    Interest, costs of suit, and attorney's fees; and

    D.    Such other and further relief as may be just and equitable.

### COUNT II
### (Retaliatory Discharge)

27. Plaintiff repeats the allegations of Paragraphs 1 through 26 of this Complaint as though herein set forth at length.

28. Upon information and belief, Defendants took retaliatory action against Plaintiff by terminating his employment by OAC as Chief Operating Officer, substantially because Plaintiff complained to Defendants that OAC had not paid Plaintiff the amount of wages agreed upon and required by law.

29. Defendants' failure to pay wages to Plaintiff was not an inadvertent error made in good faith.

30. Defendants did not have reasonable grounds for believing that their failure to pay wages to Plaintiff was not a violation of the New Jersey Wage Payment Law, the New Jersey Wage and Hour Law, the Federal Fair Labor Standards Act, or other state and federal laws.

31. Defendants are required to pay Plaintiff compensatory damages plus liquidated damages, costs, and reasonable attorney's fees. N.J.S.A. 34:11-4.10(c).

WHEREFORE, Plaintiff demands judgment on Count II against Defendants, jointly and severally, as follows:

A. Reinstatement and other actions as needed to correct the retaliatory action;

B. Compensatory damages;

C. Liquidated damages;

D. Interest, costs of suit, and attorney's fees; and

E. Such other and further relief as may be just and equitable.

### COUNT III
### (Breach of Contract)

32. Plaintiff repeats the allegations of Paragraphs 1 through 31 of this Complaint as though herein set forth at length.

33. Defendants and Plaintiff entered into a contract for Plaintiff to perform services for OAC as its Chief Operating Officer, with OAC having a duty to

compensate Plaintiff at a rate of $300,000 per year for the duration of his employment as OAC's Chief Operating Officer.

34.     Plaintiff discharged his duty to perform services for OAC as its Chief Operating Officer.

35.     Defendants breached the contract by failing to compensate Plaintiff under the terms of the parties' contract.

36.     Plaintiff suffered damages as a result of Defendants' breach of the parties' contract.

WHEREFORE, Plaintiff demands judgment on Count III against Defendants as follows:

      A.     Compensatory damages;

      B.     Interest, costs of suit, and attorney's fees; and

      C.     Such other and further relief as may be just and equitable.

### **COUNT IV**
### **(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

37.     Plaintiff repeats the allegations of Paragraphs 1 through 36 of this Complaint as though herein set forth at length.

38.     Defendants and Plaintiff entered into a contract with certain material terms, including that Plaintiff had a duty to perform services for OAC as its Chief Operating Officer and OAC had a duty to compensate Plaintiff at a rate of $300,000 per year for the duration of his employment as OAC's Chief Operating Officer.

39. The contract contained an implied covenant that each party thereto must act in good faith and deal fairly with the other party in performing or enforcing the terms of the contract.

40. Defendants acted with bad faith or intentions and engaged in deception or evasion in the performance of the contract by failing to compensate Plaintiff for the services he provided to Defendants and terminating Plaintiff's employment substantially as a result of his demand to be compensated for the services he provided to Defendants.

41. By failing to compensate Plaintiff for the services he provided to Defendants and terminating Plaintiff's employment, substantially because of his demand to be compensated for the services he provided to Defendants, Defendants denied Plaintiff the benefits of the bargain he reasonably expected and intended to receive under the parties' contract.

42. Plaintiff suffered damages as a result of Defendants' breach of the implied covenant of good faith and fair dealing.

WHEREFORE, Plaintiff demands judgment on Count III against Defendants, as follows:

A. Compensatory damages;

B. Interest, costs of suit, and attorney's fees; and

C. Such other and further relief as may be just and equitable.

## COUNT V
## (Quantum Meruit)

43.     Plaintiff repeats the allegations of Paragraphs 1 through 42 of this Complaint as though herein set forth at length.

44.     Plaintiff conferred a benefit on Defendants by performing services as Chief Operating Officer for OAC.

45.     Plaintiff conferred that benefit on Defendants with a reasonable expectation that he would be compensated for the performance of his services.

46.     The circumstances under which Plaintiff conferred that benefit on Defendants put Defendants on notice, or should have put Defendants on notice, that Plaintiff expected to be paid for his services.

        WHEREFORE, Plaintiff demands judgment on Count III against Defendants, as follows:

        A.     Compensatory damages;

        B.     Interest, costs of suit, and attorney's fees; and

        C.     Such other and further relief as may be just and equitable.

Dated:  November 4, 2021

                ORLOFF, LOWENBACH, STIFELMAN
                  & SIEGEL, P.A.
                Attorneys for Plaintiff Donald Heller


                By: _____
                    LAURENCE B. ORLOFF

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to <u>Rule</u> 4:25-4, Laurence B.

Orloff is hereby designated as trial counsel.

Dated:  November 4, 2021                    ORLOFF, LOWENBACH, STIFELMAN
                                               & SIEGEL, P.A.
                                      Attorneys for Plaintiff Donald Heller


By: _____
                       LAURENCE B. ORLOFF

## CERTIFICATION PURSUANT TO R. 4:5-1

The within action is not the subject of any other action pending in any

court or the subject of any arbitration proceeding.  There is no other action or arbitration

proceeding contemplated.

I certify that the foregoing statements made by me are true.  I am aware

that if any of the foregoing statements made by me are willfully false, I am subject to

punishment.

Dated:  November 4, 2021                    ORLOFF, LOWENBACH, STIFELMAN
                                               & SIEGEL, P.A.
                                      Attorneys for Plaintiff Donald Heller


By: _____
                       LAURENCE B. ORLOFF

## CERTIFICATION PURSUANT TO R. 1:38-7(b)

I certify that confidential personal identifiers have been redacted from

documents now submitted to the Court, and will be redacted from all documents

submitted in the future in accordance with Rule 1:38-7(b).

Dated:  November 4, 2021          ORLOFF, LOWENBACH, STIFELMAN
                              & SIEGEL, P.A.
               Attorneys for Plaintiff Donald Heller

By: _____
         LAURENCE B. ORLOFF

# Civil Case Information Statement

### Case Details: SOMERSET | Civil Part Docket# L-001429-21

**Case Caption:** HELLER DONALD  VS BERRY, II MICHAEL

**Case Initiation Date:** 11/02/2021

**Attorney Name:** LAURENCE B ORLOFF

**Firm Name:** ORLOFF LOWENBACH STIFELMAN & SIEGEL PA

**Address:** 44 WHIPPANY ROAD, STE 100

MORRISTOWN NJ 07960

**Phone:** 9736226200

**Name of Party:** PLAINTIFF : Heller, Donald

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** EMPLOYMENT (OTHER THAN CEPA OR LAD)

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Donald Heller?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
         **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
         **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>11/02/2021</u>
Dated

/s/ LAURENCE B ORLOFF
Signed

Laurence B. Orloff – NJ Attorney ID #196601960
Alexander S. Firsichbaum – NJ Attorney ID # 205212016
ORLOFF, LOWENBACH, STIFELMAN & SIEGEL, P.A.
A Professional Corporation
44 Whippany Road - Suite 100
Morristown, New Jersey  07960
(973) 622-6200
Attorneys for Plaintiff Donald Heller

| | |
|---|---|
| DONALD HELLER, | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION |
| Plaintiff, | : SOMERSET COUNTY |
| v. | : |
| | : DOCKET NO. SOM-L-1429-21 |
| OPTIMAL ACUITY CORPORATION, | : |
| a Texas corporation; MICHAEL | : Civil Action |
| JAMES BERRY I; and MICHAEL | : |
| JAMES BERRY II | : **CERTIFICATION OF SERVICE** |
| | : |
| Defendant. | : |

ALEXANDER FIRSICHBAUM, ESQ., of full age, certifies as follows:

1.      I am an attorney at law of the State of New Jersey and an associate of the law firm of Orloff, Lowenbach, Stifelman & Siegel, P.A., attorneys for Plaintiff Donald Heller.

2.      On November 8, 2021, my firm served copies of a summons directed to Defendant Michael J. Berry I, the Amended Complaint, and the Civil Case Information Statement by Federal Express on:

    Michael James Berry I
    7801 Comfort Cove
    Austin, Texas 78731

     3.     A true copy of proof of delivery by Federal Express is annexed hereto as Exhibit A.

     I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

          By: */s/ Alexander Firsichbaum*

DATED:  November 19, 2021       ALEXANDER FIRSICHBAUM

# EXHIBIT A

November 18, 2021

Dear Customer,

The following is the proof-of-delivery for tracking number: 775133525558

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Residence |
| **Signed for by:** | B.BERRY | **Delivery Location:** | 7801 COMFORT CV |
| **Service type:** | FedEx Priority Overnight | | |
| **Special Handling:** | Deliver Weekday;<br>Residential Delivery;<br>Indirect Signature Required | | AUSTIN, TX, 78731 |
| | | **Delivery date:** | Nov 8, 2021 12:43 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 775133525558 | **Ship Date:** | Nov 5, 2021 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**
Michael James Berry I,
7801 Comfort Cove
AUSTIN, TX, US, 78731

**Shipper:**
Lucy Matthews, ORLOFF
44 Whippany Road - Suite 100
MORRISTOWN, NJ, US, 07960

**Reference**        102538-001 (ASF/lam) P



Thank you for choosing FedEx

DocuSign Envelope ID:

20211105162022

DONALD HELLER

**Plaintiff**

vs

OPTIMAL ACUITY CORPORATION, ET AL

**Defendant**

Superior Court Of New Jersey

SOMERSET Venue

Docket Number: SOM L 1429 21

**Person to be served** (Name and Address):
OPTIMAL ACUITY CORPORATION
313 WITHERSPOON STREET
PRINCETON  NJ  08542
**By serving:**  MICHAEL JAMES BERRY II ( AN OFFICER AND DIRECTOR OF
OPTIMAL ACUITY CORPORATION)

**Attorney:** LAURENCE B. ORLOFF, ESQ.

**Papers Served:** LETTER, SUMMONS AND AMENDED COMPLAINT, CIS,
CERTIFICATIONS,

# AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

**Service Data:**    [X] Served Successfully         [ ] Not Served

 Date/Time:    11/17/2021 3:12 PM         _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing
therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

MICHAEL JAMES BERRY II

AS AN OFFICER AND DIRECTOR OF OPTIMAL
ACUITY CORPORATION

**Description of Person Accepting Service:**

SEX:M___  AGE:51-65  HEIGHT: 5'9"-6'0"___  WEIGHT: 161-200 LBS.____  SKIN:WHITE_____  HAIR:SALTPEP___ OTHER:_____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:          Date/Time: _____
                            Date/Time: _____
                            Date/Time: _____

| Attempts |
|---|
| 11/10/2021 7:37:45 PM |
| 11/12/2021 6:27:05 PM |

Other:

**To Be Used Where Electronic Signature Not Available
Served Data:**
Subscribed and Sworn to me this

_____day of _____, 20 _____

Notary Signature:_____

_____  _____
  Name of Notary           Commission Expiration

**Docusign Court Approved E-Signature**

I, DAVID FILARSKI,
was at the time of service a competent adult, over the age of 18 and
not having direct interest in the litigation. I declare under penalty of
perjury that the foregoing is true and correct.

*DAVID FILARSKI*
DAE099FEBE5B4CA...                     11/17/2021
Signature of Process Server             Date

Name of Private Server: DAVID FILARSKI  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

DocuSign Envelope ID:

DONALD HELLER

Plaintiff

vs

OPTIMAL ACUITY CORPORATION, ET AL

Defendant

20211105161807

Superior Court Of New Jersey

SOMERSET Venue

Docket Number: SOM L 1429 21

**Person to be served** (Name and Address):
MICHAEL JAMES BERRY II
313 WITHERSPOON STREET
PRINCETON  NJ  08542
**By serving:** MICHAEL JAMES BERRY II

**Attorney:** LAURENCE B. ORLOFF, ESQ.

**Papers Served:** LETTER, SUMMONS AND AMENDED COMPLAINT, CIS,
CERTIFICATIONS

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

**Service Data:**     [X] Served Successfully        [ ] Not Served

Name of Person Served and relationship/title:

Date/Time:     11/17/2021 3:11 PM     _____

MICHAEL JAMES BERRY II

[X] Delivered a copy to him/her personally

INDIVIDUALLY

[ ] Left a copy with a competent household member over 14 years of age residing
therein (indicate name & relationship at right)

[ ] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

**Description of Person Accepting Service:**

SEX:M___  AGE:51-65  HEIGHT: 5'9"-6'0"____  WEIGHT: 161-200 LBS.____  SKIN:WHITE_____  HAIR:SALTPEP____ OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:        Date/Time: _____
                          Date/Time: _____
                          Date/Time: _____

| Attempts |
| --- |
| 11/10/2021 7:37:09 PM |
| 11/12/2021 6:26:10 PM |

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

_____day of _____, 20 _____

Notary Signature:_____

_____  _____
      Name of Notary            Commission Expiration

**Docusign Court Approved E-Signature**

I, DAVID FILARSKI,
was at the time of service a competent adult, over the age of 18 and
not having direct interest in the litigation. I declare under penalty of
perjury that the foregoing is true and correct.

*DAVID FILARSKI*

_____     11/17/2021
Signature of Process Server                Date

Name of Private Server: DAVID FILARSKI  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952